UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

UNITED STATES OF AMERICA                                    Plaintiff

v.                                          Criminal Action No. 4:24-cr-0023-03-RGJ

JUSTIN RILEY                                                Defendant

* * * * *

### MEMORANDUM OPINION & ORDER

The Court received a letter from Defendant Justin Riley ("Riley"). [DE 208]. Riley is represented by counsel, and for the reasons below, Riley's letter will not be treated as a motion or otherwise considered by the Court. It will be forwarded by the Clerk of Court to Riley's counsel.

It is well established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806, 818 (1975). However, a criminal defendant does not have the right to hybrid representation. *United States v. Mosley*, 810 F.2d 93, 97 (6th Cir. 1987). When addressing the issue of hybrid representation, the Sixth Circuit has stated:

> The right to defend pro se and the right to counsel have been aptly described as "two faces of the same coin," in that waiver of one right constitutes a correlative assertion of the other. While it may be within the discretion of a District Court to permit both a criminal defendant and his attorney to conduct different phases of the defense in a criminal trial, for purposes of determining whether there has been a deprivation of constitutional rights a criminal defendant cannot logically waive or assert both rights.

1

*Id.* (quoting *United States v. Conder*, 423 F.2d 904, 908 (6th Cir. 1970)).  Simply put, "a defendant represented by counsel must rely upon that counsel." *United States v. Darwich*, No. 09-cr-20280, 2010 WL 4822891 at *1 (E.D. Mich. Nov. 22, 2010).

Courts in the Sixth Circuit have applied the reasoning from *Mosely* in exercising their discretion to deny without consideration pro se motions filed by represented defendants. *See United States v. Al-Hisnawi*, 20-cr-20058, 2020 WL 2315878 *2 (E.D. Mich. May 11, 2020); *United States v. Curry*, No. 13-20887, 2015 WL 4425926 *2 (E.D. Mich. July 17, 2015); *Darwich*, 2010 WL 4822891 (E.D. Mich. Nov. 22, 2010); *United States v. Degroat*, No. 97-cr-20004-dt-1, 2009 WL 891699 (E.D. Mich. Mar. 31, 2009*); United States v. Safiedine*, Case No. 06-20137, 2008 WL 324161 *1 (E.D. Mich. Feb. 6, 2008).

As set forth above, a defendant does not have a right to hybrid representation.  Absent some unusual circumstance, this Court will not consider pro se letters or motions filed by represented defendants personally.

Accordingly, it is **ORDERED** as follows:

Defendant Riley's letter [DE 208] will not be considered by the Court and will be forwarded to counsel.

Cc:    Defendant Justin Riley